UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| PALESTINE ACE, | * | 17-cr-10120-ADB |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On February 1, 2018, Defendant Palestine Ace pled guilty to wire fraud, bank fraud, and conspiracy to commit bank and wire fraud. The charges to which Ms. Ace pled guilty stem from her use of her position and authority at Bank of America to divert funds to charities who then paid kickbacks to Ms. Ace and her husband. Bank of America's loss from the scheme amounted to $2,788,000, and the gain to Ms. Ace and her husband was approximately $320,000. Ms. Ace was sentenced by this Court on November 14, 2018 and was ordered to pay restitution of $2,788,000. Before the Court is Ms. Ace's motion to waive interest on her restitution obligation. [ECF No. 181]. The Government filed a response on November 21 that does not take a position on whether the Court should waive the interest.

**I. DISCUSSION**

18 U.S.C. § 3612 provides that a "defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." "If the court determines that the defendant does not have the ability to pay [the] interest," it may "waive the requirement for interest," "limit the total of interest payable to a specific dollar amount," or "limit the length of the period during which interest accrues."

18 U.S.C. § 3612(f)(3). The decision to waive interest, even assuming an inability to pay, is wholly within the discretion of the court. See U.S. v. Beckford, 545 Fed. Appx. 12, 16 (2d Cir. 2015); U.S. v. Bagdy, 353 Fed. Appx. 695, 697 (3d Cir. 2009).

Although Ms. Ace has shown that she is not currently able to pay restitution with interest because her only substantial asset is a relatively modest amount of home equity and her future earnings potential is limited, the relevant consideration is her ability to pay over time, not her ability to pay at the time of sentencing. Bagdy, 353 Fed. Appx. at 697. Here, Ms. Ace used a position of trust and authority to deprive her employer of more than $2.7 million, and in the unlikely event that Ms. Ace becomes able to make her victim whole, the Court believes she should do so, with interest.

This order does not affect the Attorney General's right to waive all or any part of the interest pursuant to 18 U.S.C. § 3612(h) if he or she determines that reasonable efforts to collect the interest are not likely to be effective.

**II. CONCLUSION**

Accordingly, Defendant's motion to waive interest [ECF No. 181] is denied.

**SO ORDERED.**

November 27, 2018
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE